In re:

Robert Joseph Amico,    Case No.    16-43598
    CHAPTER 13 PLAN    **X Modified**
Debtor.    Dated: 06/23/18

*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ___ Included | _X__ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ____Included | X_ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | _X_ Included | ____ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1 As of the date of this plan, the debtor has paid the trustee **17,440.00**.

2.2 After the date of this plan, the debtor will pay the trustee **600.00** per month for **24** months beginning in **July** (mo.) of **2018** (yr.) for a total of **14,400.00**. Starting in **July, 2020 (Payoff of BMO Harris Bank on 2014 Toyota Highlander)**, the debtor will pay the trustee **1,200.00** per month for **18** months for a total of **21,600.00**. The initial plan payment is due not later than 30 days after the order for relief.

2.3 The minimum plan length is ___36 months or _X_ **60** months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4 The debtor will also pay the trustee:_____.

2.5 The debtor will pay the trustee a total of **53,440.00** [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE:** The Trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or **5,344.00** [line 2.5 x .10].

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly payment | Number of payments | Total payments |
|---|---|---|---|---|
| 4.1 | | | | |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of property |
|---|---|---|
| 5.1 | | |

**Part 6. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

|     | Creditor | Description of property |
|-----|----------|------------------------|
| 6.1 | BMO Harris Bank | 2014 Toyota Highlander |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

|     | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | Total payments |
|-----|----------|-------------------|-----------------|---------------------|--------------------|-----------------|
| 7.1 | Wells Fargo Bank, N.A. | 89.01 | PAID |  |  | 89.01 |

**Part 8. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|     | Creditor | Amount of Default | Interest rate (if any) | Monthly Payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|-------------------|------------------------|-----------------|---------------------|--------------------|-----------------|
| 8.1 |          |                   |                        |                 |                     |                    |                 |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amounts except for secured claims of govern-mental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|     | Creditor | Claim amount | Secured claim | Interest rate | Beginning in month # | Monthly payment | X Number of payments | = Plan payments | + Adq. Pro. From part 4 | = Total payments |
|-----|----------|--------------|---------------|---------------|---------------------|-----------------|----------------------|------------------|--------------------------|-------------------|
| 9.1 |          |              |               |               |                     |                 |                      |                  |                          |                   |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

|  | Creditor | Claim amount | Interest rate | Beginning in month # | Monthly payment | x Number of payments | = Plan payments | + Adq. Pro. From Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 10.1 | Hennepin County Treasurer | 6,210.00 | 10.00 | 20 | 155.25 | 40 | 6,210.00 |  | 6,210.00 |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|  | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | Attorney's Fees | 5,703.52<br>2,000.00 | Paid<br>Pro Rata |  |  | 5,703.52<br>2,000.00 |
| 11.2 | Internal Revenue Service | 2,410.97 | Paid |  |  | 2,410.97 |
| 11.3 | Minnesota Department of Revenue |  |  |  |  |  |
|  | TOTAL |  |  |  |  | 10,114.49 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|  | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 12.1 |  |  |  |  |  |  |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured claims described as follows: **None**.  The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

|  | Creditor | Estimated Claim | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| 13.1 |  |  |  |  |  |  |  |

**Part 14. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately **31,682.50** [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].
14.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are **0.00.**
14.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are **293,153.89.**
14.3 Total estimated unsecured claims are **293,153.89** [lines 14.1 + 14.2].
**Part 15. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.
**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:**

The debtor has surrendered or will surrender the following property to the creditor.  The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|  | Creditor | Description of property |
|---|---|---|
| 16.1 |  |  |

**Part 17**. **NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.  Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | The debtor shall submit all future earnings or other income to such supervision or control of the trustee as is necessary for the execution of the Plan, including yearly tax refunds received by the debtor during the life of the plan. The debtor may retain the first 1,200.00 of any yearly tax refunds received during the plan and, in addition, the debtor may retain any tax refund proceeds from the Earned Income Credit (EIC) and the Minnesota Working Family Credit (MWFC). |
|---|---|
| 17.2 | Claims filed as secured but for which the chapter 13 plan makes no express provision shall be classified and paid as unsecured claims as set for in paragraph 14 above. |
| 17.3 | Late filed claims are subject to objection as per 11 U.S.C. §502(b)(9). |
| 17.4 | Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by any entity that holds a claim against the debtor(s) for taxes that become payable to a governmental unit while the case is pending.  The trustee shall only pay 11 U.S.C. Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available. |
| 17.5 | The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. |
| 17.6 | With respect to the claim of Wells Fargo Home Mortgage, Inc. concerning the debtor's homestead mortgage, said creditor shall resume   issuing monthly billing statements to the debtor following the confirmation of this plan.  Any and all such billing statements shall be issued to the debtor at the address on file with the Bankruptcy Court or to the debtor's attorney at the attorney's address on file with the Bankruptcy Court. |
| 17.7 | With respect to the claim of BMO Harris Bank concerning the debtor's 2014 Toyota Highlander, said creditor shall resume issuing monthly billing statements to the debtor following the confirmation of this plan.  Any and all such billing statements shall be issued to the debtor at the address on file with the Bankruptcy Court or to the debtor's attorney at the attorney's address on file with the Bankruptcy Court. |
| 17.8 | Debtor shall turnover to the trustee any net bonuses (bonus payment less taxes paid) received during the life of the plan.  The debtor shall turnover to the trustee any such bonuses within ten (10) days of debtor's receipt of the same. |

**SUMMARY OF PAYMENTS**:

| Class of Payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | 5,344.00 |
| Home mortgages in default [Part 7] | 89.01 |
| Claims in default [Part 8] | |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | |
| Secured claims excluded from § 506 [Part 10] | 6,210.00 |
| Priority claims [Part 11] | 10,114.49 |
| Domestic support obligation claims [Part 12] | |
| Separate classes of unsecured claims [Part 13] | |
| Timely filed unsecured claims [Part 14] | 31,682.50 |
| TOTAL (must equal line 2.5) | 53,440.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: /e/ Stephen J. Behm
　　　　Stephen J. Behm, Attorney at Law
　　　　403 South Broad Street, Suite 60
　　　　P.O. Box 1056
　　　　Mankato, MN 56002-1056
　　　　Telephone:  (507) 387-7200

Signed: Robert Joseph Amico
　　　　Robert Joseph Amico, Debtor 1

Signed: _____
　　　　Debtor 2 (if joint case)

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re
Robert Joseph Amico

Case No. 16-43598

Debtor(s).

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. [individual debtors only] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. [corporate and partnership debtors only] I have been authorized to file this petition on behalf of the debtor.

Date: June 24, 2018

X _____
Signature of Debtor1 or Authorized
Representative

X _____
Signature of Debtor 2

Robert Joseph Amico
Printed Name of Debtor 1 or
Authorized Representative

Printed Name of Debtor 2

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In Re:                                                                Bky. No. 16-43598

Robert Joseph Amico,

       Debtor.                                            Chapter 13 Case

---

**UNSWORN CERTIFICATE OF SERVICE**

---

      I, Stephen J. Behm, attorney with Behm Law Group, Ltd., 403 South Broad Street, Suite 60, P.O. Box 1056, Mankato, MN 56002-1056, declare that on June 28, 2018 I mailed the attached **Notice of Hearing and Motion to Modify Chapter 13 Plan (Post-Confirmation), Memorandum of Law, proposed Order and Modified Chapter 13 Plan (Post-Confirmation), Summary of Amendments to Voluntary Petition, Lists, Schedules and Statements and Amended Schedules I and J** upon all of the entities listed below and on those listed on the attached service list by first class mail postage prepaid to each entity on said list at the addresses stated for each entity, as indicated.

Robert Joseph Amico, 2855 Inner Road, Wayzata, MN 55391.

Wells Fargo Bank, N.A., c/o Lawrence P Zielke, Attorney at Law, Shapiro & Zielke LLP 12550 West Frontage Road, Suite 200, Burnsville, MN 55337.

All creditors listed on the debtor's creditor matrix (See attached list).

Upon each of the entities named below by email via CM/ECF Filing:

Gregory A. Burrell, trustee   --   cmecfjzkmn@ch13mn.com
U.S. Trustee                  --   ustpregion12.mn.ecf@usdoj.gov

Dated: this 28th day of June, 2018.

                              **BEHM LAW GROUP, LTD.**

                              /s/ Stephen J. Behm
                              Stephen J. Behm, #263758
                              403 South Broad Street, Suite 60
                              P.O. Box 1056
                              Mankato, MN 56002-1056
                              Telephone: (507) 387-7200

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0864-4<br>Case 16-43598<br>District of Minnesota<br>Minneapolis<br>Thu Jun 28 10:45:57 CDT 2018 | Wells Fargo Bank, NA<br>Shapiro & Zielke, LLP<br>3476 Stateview Blvd<br>MAC#X7801-013<br>Fort Mill, SC 29715-7203 | Minneapolis<br>301 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415-1320 |
| American Education Services<br>P.O. Box 2461<br>Harrisburg PA 17105-2461 | American Express<br>P.O. Box 981535<br>El Paso TX 79998-1535 | American Express Bank, FSB<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 |
| American Express Centurion Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 | American Express Travel Related Services Com<br>Inc.<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 | Ameris Bank<br>Capital Recovery Advisors<br>2400 Augusta Drive, Ste 212<br>Houston, TX 77057-4998 |
| Ameris Bank<br>P.O. Box 3668<br>Moultrie GA 31776-3668 | Ameris Bank<br>P.O. Box 870<br>Vidalia, GA 30475-0870 | BMO Harris Bank<br>P.O. Box 6201<br>Carol Stream IL 60197-6201 |
| BMO Harris Bank, N.A.<br>P.O. Box 2035<br>Milwaukee, WI 53201-2035 | Beverly Mae Amico<br>515 Kimbark<br>Longmont CO 80501-5549 | Capital Recovery Advisors<br>2400 Augusta Drive<br>Suite 212<br>Houston TX 77057-4998 |
| Hennepin County Treasurer<br>A600 Government Center<br>300 S 6th Street<br>Minneapolis, MN 55487-0999 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia PA 19101-7346 | Karl E. Osmus<br>1010 Williams Street<br>Valdosta, GA 31601-4039 |
| KeyBank NA<br>4910 Tiedeman Rd<br>Brooklyn, OH 44144-2338 | LVNV Funding, LLC its successors and assigns<br>assignee of LendingClub Corporation<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | LVNV Funding, LLC its successors and assigns<br>PO Box 10587<br>Greenville, SC  29603-0587 |
| Lending Club<br>71 Stevenson Court<br>Suite 300<br>San Francisco CA 94105-2985 | Navient Solutions, Inc. on behalf of<br>United Student Aid Funds, Inc.<br>Attn: Bankruptcy Litigation Unit E3149<br>PO Box 9430<br>Wilkes Barre, PA 18773-9430 | PFCU Platinum Cash Rewards<br>P.O. Box 247080<br>Omaha NE 68124-7080 |
| (p)PENTAGON FEDERAL CREDIT UNION<br>ATTN BANKRUPTCY DEPARTMENT<br>P O BOX 1432<br>ALEXANDRIA VA 22313-1432 | Sallie Mae<br>P.O. Box 9500<br>Wilkes Barre PA 18773-9500 | Sallie Mae<br>P.O. Box 9635<br>Wilkes Barre PA 18773-9635 |
| (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | US Trustee<br>1015 US Courthouse<br>300 S 4th St<br>Minneapolis, MN 55415-3070 | USAA Credit Card Services<br>P.O. Box 65020<br>San Antonio TX 78265-5020 |

```
USAA Savings Bank                          United Student Aid Funds, Inc. (USAF)   Wells Fargo Bank, N.A.
C O WEINSTEIN & RILEY, PS                  PO Box 8961                             Attention: Payment Processing
2001 WESTERN AVENUE, STE 400               Madison WI  53708-8961                  Mac# X2302-04C
SEATTLE, WA 98121-3132                                                             1 Home Campus
                                                                                   Des Moines, IA 50328-0001


Wells Fargo Home Mortgage                  Gregory A Burrell                       Robert Joseph Amico
P.O. Box 14411                             100 South Fifth Street                  2855 Inner Road
Des Moines IA 50306-3411                   Suite 480                               Wayzata, MN 55391-2726
                                           Minneapolis, MN 55402-1250



Stephen Behm
Behm Law Group Ltd
403 S Broad St Ste 60
PO Box 1056
Mankato, MN 56002-1056




              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).



Pentagon Federal Credit Union              U.S. Bank                               (d)U.S. Bank National Association
Pentagon FederalCredit Union               Cardmember Service                      Bankruptcy Department
P.O. Box 1432                              P.O. Box 6352                           PO Box 108
Alexandria, VA 22313                       Fargo ND 58125-6352                     St. Louis MO 63166-0108



End of Label Matrix
Mailable recipients    36
Bypassed recipients     0
Total                  36
```