In re:

| | |
|---|---|
| Robert Joseph Amico, | Case No.    16-43598 |
| | CHAPTER 13 PLAN   **X Modified** |
| Debtor. | Dated:  06/20/19 |

*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ___ Included | _X_ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ___ Included | _X_ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | _X_ Included | ___ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1  As of the date of this plan, the debtor has paid the trustee **25,105.00**.

2.2  After the date of this plan, the debtor will pay the trustee **600.00** per month for **13** months beginning in **June** (mo.) of **2019** (yr.) for a total of **7,800.00**. Starting in **July, 2020 (Payoff of BMO Harris Bank on 2014 Toyota Highlander)**, the debtor will pay the trustee **1,200.00** per month for **18** months for a total of **21,600.00**. The initial plan payment is due not later than 30 days after the order for relief.

2.3  The minimum plan length is ___36 months or **_X_ 60** months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4  The debtor will also pay the trustee:_____.

2.5  The debtor will pay the trustee a total of **54,505.00** [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE:** The Trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or **5,450.50** [line 2.5 x .10].

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly payment | Number of payments | Total payments |
|---|---|---|---|---|
| | | | | |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of property |
|---|---|---|
| | | |

**Part 6. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of property |
|---|---|---|
| 6.1 | BMO Harris Bank | 2014 Toyota Highlander |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

|     | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | Total payments |
|-----|----------|-------------------|-----------------|----------------------|--------------------|----------------|
| 7.1 | Wells Fargo Bank, N.A. | 89.01 | PAID |  |  | 89.01 |

**Part 8. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|     | Creditor | Amount of Default | Interest rate (if any) | Monthly Payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|-------------------|------------------------|-----------------|----------------------|--------------------|----------------|

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amounts except for secured claims of govern-mental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|     | Creditor | Claim amount | Secured claim | Interest rate | Beginning in month # | Monthly payment | X Number of payments | = Plan payments | + Adq. Pro. From part 4 | = Total payments |
|-----|----------|--------------|---------------|---------------|----------------------|-----------------|----------------------|-----------------|-------------------------|------------------|

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

|      | Creditor | Claim amount | Interest rate | Beginning in month # | Monthly payment | x Number of payments | = Plan payments | + Adq. Pro. From Part 4 | = Total payments |
|------|----------|--------------|---------------|----------------------|-----------------|----------------------|-----------------|-------------------------|------------------|
| 10.1 | Hennepin County Treasurer | 6,210.00 | 10.00 | 20 | 155.25 | 40 | 6,210.00 |  | 6,210.00 |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|      | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|------|----------|-----------------|-----------------|----------------------|---------------------|----------------|
| 11.1 | Attorney's Fees | 7,934.24 | Paid | | | 7,934.24 |
| 11.2 | Internal Revenue Service | 2,410.97 | Paid | | | 2,410.97 |
| 11.3 | Minnesota Department of Revenue | | | | | |
|      | TOTAL | | | | | 10,345.21 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|   | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|----------|-----------------|-----------------|----------------------|---------------------|----------------|
|   |          |                 |                 |                      |                     |                |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured claims described as follows: **None**.  The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

|   | Creditor | Estimated Claim | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|----------|-----------------|------------------------|-----------------|----------------------|---------------------|----------------|
|   |          |                 |                        |                 |                      |                     |                |

**Part 14. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately **32,410.28** [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].
14.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are **0.00.**
14.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are **293,153.89.**
14.3 Total estimated unsecured claims are **293,153.89** [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor.  The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|   | Creditor | Description of property |
|---|----------|-------------------------|
|   |          |                         |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.  Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | The debtor shall submit all future earnings or other income to such supervision or control of the trustee as is necessary for the execution of the Plan, including yearly tax refunds received by the debtor during the life of the plan. The debtor may retain the first 1,200.00 of any yearly tax refunds received during the plan and, in addition, the debtor may retain any tax refund proceeds from the Earned Income Credit (EIC) and the Minnesota Working Family Credit (MWFC). **With respect to the debtor's 2017 state and federal tax** |
|------|---|

| | |
|---|---|
| | *refunds, the debtor shall be allowed to retain the same in order to pay for unanticipated and necessary living expenses.* |
| 17.2 | Claims filed as secured but for which the chapter 13 plan makes no express provision shall be classified and paid as unsecured claims as set for in paragraph 14 above. |
| 17.3 | Late filed claims are subject to objection as per 11 U.S.C. §502(b)(9). |
| 17.4 | Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by any entity that holds a claim against the debtor(s) for taxes that become payable to a governmental unit while the case is pending. The trustee shall only pay 11 U.S.C. Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available. |
| 17.5 | The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. |
| 17.6 | With respect to the claim of Wells Fargo Home Mortgage, Inc. concerning the debtor's homestead mortgage, said creditor shall resume issuing monthly billing statements to the debtor following the confirmation of this plan. Any and all such billing statements shall be issued to the debtor at the address on file with the Bankruptcy Court or to the debtor's attorney at the attorney's address on file with the Bankruptcy Court. |
| 17.7 | With respect to the claim of BMO Harris Bank concerning the debtor's 2014 Toyota Highlander, said creditor shall resume issuing monthly billing statements to the debtor following the confirmation of this plan. Any and all such billing statements shall be issued to the debtor at the address on file with the Bankruptcy Court or to the debtor's attorney at the attorney's address on file with the Bankruptcy Court. |
| 17.8 | Debtor shall turnover to the trustee any net bonuses (bonus payment less taxes paid) received during the life of the plan. The debtor shall turnover to the trustee any such bonuses within ten (10) days of debtor's receipt of the same. |

**SUMMARY OF PAYMENTS**:

| Class of Payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | 5,450.50 |
| Home mortgages in default [Part 7] | 89.01 |
| Claims in default [Part 8] | |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | |
| Secured claims excluded from § 506 [Part 10] | 6,210.00 |
| Priority claims [Part 11] | 10,345.21 |
| Domestic support obligation claims [Part 12] | |
| Separate classes of unsecured claims [Part 13] | |
| Timely filed unsecured claims [Part 14] | 32,410.28 |
| TOTAL (must equal line 2.5) | 54,505.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: /e/ Stephen J. Behm
       Stephen J. Behm, Attorney at Law
       403 South Broad Street, Suite 60
       P.O. Box 1056
       Mankato, MN 56002-1056
       Telephone: (507) 387-7200

Signed: Robert Joseph Amico
       Robert Joseph Amico, Debtor 1

Signed: _____
       Debtor 2 (if joint case)

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: **Robert Joseph Amico**

Debtor(s).

Case No. 16-43598

# SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 06/24/19

X _____
Signature of Debtor1 or Authorized Representative

**Robert Joseph Amico**
Printed Name of Debtor 1 or Authorized Representative

X _____
Signature of Debtor 2

Printed Name of Debtor 2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:                                              Bky. No. 16-43598

Robert Joseph Amico,

       Debtor.                                   Chapter 13 Case

---

**UNSWORN CERTIFICATE OF SERVICE**

---

      I, Stephen J. Behm, attorney with Behm Law Group, Ltd., 403 South Broad Street, Suite 60, P.O. Box 1056, Mankato, MN 56002-1056, declare that on June 25, 2019 I mailed the attached **Notice of Hearing and Motion to Modify Chapter 13 Plan (Post-Confirmation), Memorandum of Law, proposed Order and Modified Chapter 13 Plan (Post-Confirmation) and Exhibit "A", and Summary of Amendments to Voluntary Petition, Lists, Schedules and Statements and Amended Summary of Your Assets and Liabilities and Certain Statistical Information and Amended Schedules I and J** upon all of the entities listed below and on those listed on the attached service list by first class mail postage prepaid to each entity on said list at the addresses stated for each entity, as indicated.

Robert Joseph Amico, 2855 Inner Road, Wayzata, MN 55391.

Wells Fargo Bank, N.A., c/o Lawrence P Zielke, Attorney at Law, Shapiro & Zielke LLP 12550 West Frontage Road, Suite 200, Burnsville, MN 55337.

All creditors listed on the debtor's creditor matrix (See attached list).

Upon each of the entities named below by email via CM/ECF Filing:

Gregory A. Burrell, trustee  --       cmecfjzkmn@ch13mn.com
U.S. Trustee  --       ustpregion12.mn.ecf@usdoj.gov

Dated: this 25th day of June, 2019.

                                                **BEHM LAW GROUP, LTD.**

                                                /s/ Stephen J. Behm
                                                Stephen J. Behm, #263758
                                                403 South Broad Street, Suite 60
                                                P.O. Box 1056
                                                Mankato, MN 56002-1056
                                                Telephone: (507) 387-7200

```
Label Matrix for local noticing          BMO Harris Bank, N.A.                    Wells Fargo Bank, NA
0864-4                                   Wilford Geske & Cook, P.A.               Shapiro & Zielke, LLP
Case 16-43598                            7616 Currell Blvd                        3476 Stateview Blvd
District of Minnesota                    Suite 200                                MAC#X7801-013
Minneapolis                              Woodbury, MN 55125-2296                  Fort Mill, SC 29715-7203
Tue Jun 25 17:37:29 CDT 2019

Minneapolis                              American Education Services             American Express
301 U.S. Courthouse                      P.O. Box 2461                            P.O. Box 981535
300 South Fourth Street                  Harrisburg PA 17105-2461                 El Paso TX 79998-1535
Minneapolis, MN 55415-1320


American Express Bank, FSB               American Express Centurion Bank          American Express Travel Related Services Com
c/o Becket and Lee LLP                   c/o Becket and Lee LLP                   Inc.
PO Box 3001                              PO Box 3001                              c/o Becket and Lee LLP
Malvern  PA 19355-0701                   Malvern  PA 19355-0701                   PO Box 3001
                                                                                  Malvern  PA 19355-0701


Ameris Bank                              Ameris Bank                              Ameris Bank
Capital Recovery Advisors                P.O. Box 3668                            P.O. Box 870
2400 Augusta Drive, Ste 212              Moultrie GA 31776-3668                   Vidalia, GA 30475-0870
Houston, TX 77057-4998


BMO Harris Bank                          BMO Harris Bank, N.A.                    Beverly Mae Amico
P.O. Box 6201                            P.O. Box 2035                            515 Kimbark
Carol Stream IL 60197-6201               Milwaukee, WI 53201-2035                 Longmont CO 80501-5549


Capital Recovery Advisors                Hennepin County Treasurer                Internal Revenue Service
2400 Augusta Drive                       A600 Government Center                   P.O. Box 7346
Suite 212                                300 S 6th Street                         Philadelphia PA 19101-7346
Houston TX 77057-4998                    Minneapolis, MN 55487-0999


Karl E. Osmus                            KeyBank NA                               LVNV Funding, LLC its successors and assigns
1010 Williams Street                     4910 Tiedeman Rd                         assignee of LendingClub Corporation
Valdosta, GA 31601-4039                  Brooklyn, OH 44144-2338                  Resurgent Capital Services
                                                                                  PO Box 10587
                                                                                  Greenville, SC 29603-0587


LVNV Funding, LLC its successors and assigns   Lending Club                       Navient Solutions, Inc. on behalf of
PO Box 10587                             71 Stevenson Court                       United Student Aid Funds, Inc.
Greenville, SC  29603-0587               Suite 300                                Attn: Bankruptcy Litigation Unit E3149
                                         San Francisco CA 94105-2985              PO Box 9430
                                                                                  Wilkes Barre, PA 18773-9430


PFCU Platinum Cash Rewards               (p)PENTAGON FEDERAL CREDIT UNION         Sallie Mae
P.O. Box 247080                          ATTN BANKRUPTCY DEPARTMENT               P.O. Box 9500
Omaha NE 68124-7080                      P O BOX 1432                             Wilkes Barre PA 18773-9500
                                         ALEXANDRIA VA 22313-1432


Sallie Mae                               (p)US BANK                               US Trustee
P.O. Box 9635                            PO BOX 5229                              1015 US Courthouse
Wilkes Barre PA 18773-9635               CINCINNATI OH 45201-5229                 300 S 4th St
                                                                                  Minneapolis, MN 55415-3070
```

```
USAA Credit Card Services           USAA Savings Bank                      United Student Aid Funds, Inc (USAF)
P.O. Box 65020                      C O WEINSTEIN & RILEY, PS              PO Box 8961
San Antonio TX 78265-5020           2001 WESTERN AVENUE, STE 400           Madison WI  53708-8961
                                    SEATTLE, WA 98121-3132


Wells Fargo Bank, N.A.              Wells Fargo Home Mortgage              Gregory A Burrell
Attention: Payment Processing       P.O. Box 14411                         100 South Fifth Street
Mac# X2302-04C                      Des Moines IA 50306-3411               Suite 480
1 Home Campus                                                              Minneapolis, MN 55402-1250
Des Moines, IA 50328-0001


Robert Joseph Amico                 Stephen Behm
2855 Inner Road                     Behm Law Group Ltd
Wayzata, MN 55391-2726              403 S Broad St Ste 60
                                    PO Box 1056
                                    Mankato, MN 56002-1056




             The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
             by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Pentagon Federal Credit Union       U.S. Bank                              (d)U.S. Bank National Association
Pentagon FederalCredit Union        Cardmember Service                     Bankruptcy Department
P.O. Box 1432                       P.O. Box 6352                          PO Box 108
Alexandria, VA 22313                Fargo ND 58125-6352                    St. Louis MO 63166-0108



End of Label Matrix
Mailable recipients    37
Bypassed recipients     0
Total                  37
```